**Check Nomination**

*Gilbert E. Petrina, Petrina & Skarlatos,* for plaintiff.
*John Dae Check,* p.p., for respondent.

LIPSITT, J., March 30, 1970.—The youthful respondent, John Dae Check, on or about March 9, 1970, filed in the office of the Secretary of the Commonwealth, a nomination petition as the Republican nominee for the office of Congressman of the United States from the Twenty-sixth Congressional District. The petition was accepted by the secretary. Subsequently, a resident and qualified elector from the said Twenty-sixth Congressional District brought this action to set aside the nomination petition.

The basis of this challenge is that respondent will not meet the constitutional age requirement of 25 years at the time he would assume office, if elected. The United States Constitution in article I, sec. 2, clause 2, provides:

"No person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen."

The time at which respondent, if elected, would assume the office of congressional representative is designated by the Twentieth Amendment to the United States Constitution to be noon on the third day of January 1971. Therefore, the question involved in this action is whether respondent will have attained to the age of 25 years on January 3, 1971.

The question of age is analogous to the determination of when a person arrives at majority in order to be qualified to vote. The common law rule which is followed in Pennsylvania, is that one is 21 years of age on the day preceding the twenty-first anniversary of his birth: In re Griffith's Contested Election, 1 Kulp 157 (1880). Since age is measured from one's date of birth, respondent's date of birth determines whether he will have reached the constitutional age requirement on January 3, 1971.

It was acknowledged at the hearing that the date of birth in question was September 12, 1946. Therefore, on January 3, 1971, respondent will have only attained to the age of 24 years, 3 months and 22 days rather than the required 25 years.

The somewhat unordinary position was taken that the gestation period of nine months should be added to the birth date to reach the correct age of respondent to enable him to meet the constitutional requirement. But no legal authority of any kind was cited to sustain this point of view. Nor could it be accepted as within the meaning and intent of the age provision in the Constitution.

In accord with the expressions in this discussion, we make the following

## ORDER

And now, March 30, 1970, the nomination petition of John Dae Check, Republican candidate for the office of Representative from the Twenty-sixth Congressional District of the United States, is hereby set aside;

The prothonotary is directed to notify forthwith the parties hereto or their counsel of this order, and also certify a copy thereof to the Secretary of the Commonwealth of Pennsylvania.